Opinion op the Court. — -The court think ⅛ unnecessary to notice all the errors that are manifest in the records and proceedings in this cause, as assigned by the attorney for the plaintiff in error.
It may be sufficient to observe, that an attachment being a remedy in derogation of the common law, the statute (b) giving this remedy ought therefore to be strictly pursued in all its provisions.‡
The court conceive there is error in this, that the attachment does not run in the name of the common-, wealth, a constitutional requisition which we cannot in such cases as the present dispense with.
2nd. The bond does not pursue the act of assembly— a fatal defect. The bond being intended to secure the defendant remuneration for damages, which too Ire-, quentty arise by an abuse of this process.§
Wherever a t|^ fait were by c-risinal w*t, ⅛ the party proceed by attach,
bond ta. ken faouid be in double thea-mount of the debt, and the intereft then due thereon, or the court cannot on the trial allow fuch intereft*
3rd. The judgment is erroneous, because a jury áhóüld have been empannelled to inquire of the debt, or assess the damages. The court think that in all cases where a jury is necessary in an ordinary proceeding at law, they cannot be dispensed With in a proceeding by
attachment. And wherever the plaintiff means to claim his debt, with the interest which may have accrued thereon antecedent to the date of his attachment, the at-taehment bond should be given in double the sum of the debt and interest, or the court cannot allow him any interest which may have accrued at the date of the at-taehment.-^ — «-Judgment reversed.*

A) Afts of 1796-7, p.iz4, §5,iB«d.357

 Same point decided in the cafe of jBeadle, alias Robbins, vs. Gano, fall term 1808.

 The bond returned was materially variant from that required by law, in fcveral particulars.

 The following deciiions relative to attachments iffutog from ju&tcec of the peace, have taken place :
An’aCtachment cannot be legally fuéd out again# a defendant in any county except the one of which ‘he is or was lad an inhabitant- — Lamier vs. Grant, May 1793, Litt. prin. of Law and Eq. 19.
** That the defendant bath removed ©ut of thfc County, fo that the Ordinary procefs of law cannot be ferved on him,” will not warrant the Hfuing of an at* taehment, as an attachment lies only where he is removing out of tbe county privately, or abfeonds and conceals himfelf fo that the ordinary procefs of law cannot be ferved on him — Hopkins vs. Suttles, October 1796, Ibid 19.
An attachment cannot be levied upon land — Ibid, and M'Lorty vs. Davis, July 1801, Pr. Dec. 69, and Rees vs. Bifbop, November 1803, Pr. Dec. 347.
An attachment mud appear on the face of it to have been iffued by a juft ice of the peace, and mud date thofe fadts which alone could authorise proceeding hy attachment — M'Lorty vs. Davis, July 1801, Pr. Dec. 69.
That the defendant is dbout to abjeond, will not juftify iffuingan attachment : he ihould have abjeonded to entitle the party to this remedy- — Lewis vs. Butler, May 1803, Pr. Dec. 290,
Every attachment rouft date the nature of the demand fo fpecially that a recovery thereon will bar a fubfequent demand for the fame caufe — Hickman vs. Geft, November 1803, Pr. Dec. 352.
See alfo the cafes of Sbipp vs. Davis, ante 65, and Meggs vs. Sbaffer, ante 65, and Davis vs. Edwards, poft.
For the proceedings on attachments, feeafis of 1796-7, p. 124, § 5,1 Brad, 3$7r-a&s ofi8o3,ch.i, §13,p. 10 — a&s of 1804, ch. 76, p, 103,